IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CROSBY MARINE** § | |
| **TRANSPORTATION, LLC** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| **SOUTHWEST SHIPYARD, LP** § | |
| *Defendant/Third-Party Plaintiff*, § | C.A. NO. 4:23-cv-770 |
| § | |
| v. § | |
| § | |
| **LYNN JONES, LLC** § | |
| **LYNN R. JONES** § | |
| *Third-Party Defendants*. § | |

**LYNN R. JONES AND LYNN JONES, LLC'S
JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW, Lynn R. Jones and Lynn Jones, LLC (sometimes collectively "Lynn Jones"), by and through undersigned counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, now jointly move for judgment on the pleadings of the claims asserted by Southwest Shipyard, LP (sometimes "SWS") against Lynn Jones pursuant to Fed. R. Civ. P. 14(c) (Doc. 12), and would respectfully show as follows:

**I.
INTRODUCTION**

Lynn Jones cannot be joined as a third-party defendant under Fed. R. Civ. P. 14(c) by SWS absent an election from Crosby Marine Transportation, LLC ("Crosby") to designate its lawsuit against SWS as an admiralty or maritime claim under Fed. R. Civ. P. 9(h). Crosby has expressly not done so, meaning both SWS's Fed. R. Civ. P. 14(c)(2) tender of Lynn Jones to Plaintiff Crosby and SWS's Fed. R. Civ. P. 14(c)(1) claims for contribution

and/or indemnity are procedurally improper. As such, the dismissal of SWS's claims under Fed. R. Civ. P. 14(c) (*i.e.*, for contribution and/or indemnity, and the tender of Lynn Jones to Crosby) is warranted.

For ease of reference, and as will be discussed in more detail below, Lynn Jones will briefly lay out the applicable Federal Rules of Civil Procedure germane to this motion:

**FED. R. CIV. P. 9(h)(1) – Admiralty or Maritime Claim**

(1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, **the pleading may designate the claim as an admiralty or maritime claim** for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. ***A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated***.

**FED. R. CIV. P. 14(c) – Third Party Practice**

(c) Admiralty or Maritime Claim

(1) Scope of Impleader. ***If [Crosby] asserts an admiralty or maritime claim under Rule 9(h),*** [Southwest Shipyard] … may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff— for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

(2) Defending Against a Demand for Judgment for the Plaintiff. [Southwest Shipyard] may demand judgment in [Crosby's] favor against [Lynn Jones]. In that event, [Lynn Jones] must defend under Rule 12 against [Crosby's] claim as well as [Southwest Shipyard's] claim; and the action proceeds as if [Crosby] had sued both [Lynn Jones] and [Southwest Shipyard].

(emphases and minor alterations added).

## II.
## FACTUAL BACKGROUND

Crosby originally brought suit solely against SWS for negligence and breach of the warranty of workmanlike performance. Doc. 1. In its complaint, Crosby expressly did not designate the matter as an admiralty or maritime claim under Fed. R. Civ. P. 9(h). *Id*. Rather, in its original Complaint, Crosby invoked diversity of citizenship subject matter jurisdiction, with admiralty and maritime jurisdiction as an alternative basis. *Id*. ¶¶ 5-6. Crosby also sought a jury trial. *Id*. ¶ 34.

SWS filed its Answer to the Original Complaint. Doc. 9. In its Answer, SWS did not dispute the diversity allegations or that admiralty and maritime jurisdiction was proper. *Id*. ¶¶ 5-6; Doc. 14 ¶¶ 5-6.  Importantly, SWS unilaterally invoked Fed. R. Civ. P. 9(h) in the caption of its Answer. *Id*. Further and significantly, in its Answer, SWS does not make any additional reference to or allegation of Fed. R. Civ. P. 9(h).

Thereafter, SWS filed the subject third-party complaint against Lynn Jones (Doc. 12), in which SWS asserts that this Court has subject matter jurisdiction over the matter under both diversity of citizenship and admiralty. *Id*. ¶¶ 8-9. However—as admitted by SWS—Lynn R. Jones is unquestionably a Texas resident. *Id*. ¶¶ 6-7. Lynn Jones LLC is similarly a Texas resident whose sole member is Lynn Jones, a Texas citizen. *Id*.

In its third-party complaint, SWS attempts to tender Crosby's claims to Lynn Jones under Fed. R. Civ. P. 14(c):

> Plaintiff has asserted an admiralty or maritime claim under Federal Rule of Civil Procedure 9(h) against Southwest. If Plaintiff is entitled to recover, which Southwest denies, then Plaintiff should recover directly from Third-Party Defendants, Lynn Jones, LLC and/or Lynn R. Jones, pursuant to Federal

> Rule of Civil Procedure 14(c), without any contribution from Southwest. In accordance Rule 14(c)(2), Southwest, as Third-Party Plaintiff, demands judgment in favor of Plaintiff against Third-Party Defendants Lynn Jones, LLC and Lynn R. Jones. Therefore, in accordance with Rule 14(c)(2), Third-Party Defendants, Lynn Jones, LLC and Lynn R. Jones must defend under Federal Rule of Civil Procedure 12 against Plaintiff's claims, as well as Third- Party Plaintiff's claims; and this action proceeds as if Plaintiff had sued both Lynn Jones, LLC and Lynn R. Jones and Southwest directly.

Doc. 12 at 7 ¶ 29. Moreover, in its third-party complaint, SWS seeks contribution and indemnity from Lynn Jones solely "[i]n accordance with Federal Rule of Civil Procedure 14(c)(1)." *Id*. ¶ 31.

Crosby then filed its Second Amended Complaint[1]—again only against SWS. Doc. 58. Likewise, once again Crosby sought a jury trial. *Id*. ¶ 34. Crosby also clarified that the sole basis of subject matter jurisdiction was diversity of citizenship and reiterated that it has expressly ***not*** designated its claims as admiralty or maritime under Fed. R. Civ. P. 9(h):

> Crosby expressly does ***not*** designate this as a Rule 9(h) FRCP matter, but instead brings this claim in diversity on the law side of the Court and demands a trial by jury. Nonetheless, because the breach of contract, breach of warranty, and damages alleged herein occurred in connection with repairs to a vessel on a floating drydock, this matter may be subject, where appropriate, to the application of substantive federal maritime law.

*Id*. ¶ 6 (citation omitted but emphases in original). SWS answered the Second Amended Complaint. Doc. 61. In response to Crosby's allegation listed above, SWS stated:

> Defendant admits that diversity exists between plaintiff and this defendant. However, defendant admits that this Court has admiralty and maritime jurisdiction over this matter under 28

---

[1] For the sake of completeness, in the intervening time, Crosby filed a First Amended Complaint. Doc. 36. The allegations therein do not change the underlying analysis.

U.S.C. Section 1333 as plead in Plaintiff's Complaint. *T.N.T Marine Service, Inc. v. Weaver Shipyard & Dry Docks, Inc.* 702 F.2d 585, 587 (5th Cir 1983).

*Id*. at 5 ¶ 11. For reasons discussed in more detail below, Lynn Jones contends that the case cited by SWS as supporting its position in fact aids Lynn Jones's arguments. Finally, SWS has never attempted to re-tender Lynn Jones to Crosby under Fed. R. Civ. P. 14 (C)(2) to answer the claims brought in Crosby's Second Amended Complaint or to properly seek contribution and/or indemnity from Lynn Junes under Fed. R. Civ. P. 14(a)(1).

### III.
### ISSUE PRESENTED

1. **Is Lynn Jones a proper Fed. R. Civ. P. 14(c) third-party defendant?**

    No. Southwest Shipyard has attempted to invoke Fed. R. Civ. P. 14(c) (2) as the procedural vehicle to tender the claims brought by Crosby against SWS to Lynn Jones. But Fed. R. Civ. P. 14(c) is only available *if* Crosby brought its claims as maritime claims under Fed. R. Civ. P. 9(h). Crosby has never brought a maritime claim and expressly and repeatedly denied that it desires to proceed with a 9(h) maritime claim. As such, Fed. R. Civ. P. 14(c) is not available to SWS. , Because SWS's third-party complaint against Lynn Jones is solely and exclusively based on Fed. R. Civ. P. 14(c), Lynn Jones should be dismissed.

### IV.
### STANDARD OF REVIEW

A motion brought pursuant to Federal Rule of Civil Procedure 12(c) should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law. *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir.1973).

In the context of this motion, Lynn Jones submits that the material facts are irrelevant. Rather, Lynn Jones contends that the pleadings themselves demonstrate that

SWS improperly added Lynn Jones as a third-party defendant by utilizing a procedural vehicle, Fed. R. Civ. P. 14(c), that is not available to SWS because Crosby has expressly not elected to designate its claims as admiralty or maritime claims. The deadline to amend pleadings has long passed. As a result, Lynn Jones respectfully submits that dismissal of SWS's claims against Lynn Jones is appropriate.

## V.
### ARGUMENT

**1. Crosby's Second Amended Complaint is the live pleading.**

Crosby's Second Amended Complaint—which expressly disposes of any notion that Crosby is making an admiralty or maritime claim under Fed. R. Civ. P. 9(h)—supersedes any prior complaint and renders them of no legal effect. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

As noted previously, SWS has never attempted to re-tender Lynn Jones to Crosby to answer the claims brought in Crosby's Second Amended Complaint—nor could it.

**2. Crosby has never designated its claims as admiralty or maritime under Federal Rule of Civil Procedure 9(h).**

Further, as alluded to earlier, SWS's attempt to unilaterally invoke maritime jurisdiction in its Answer to Crosby's Second Amended Complaint—likely as a basis to avoid a jury trial—also fails. As clearly reflected in *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983), the e case cited by SWS in aid of this argument, Fed. R. Civ. P. 9(h) requires an "identifying statement" asserting an admiralty or maritime claim.

Here, Crosby cannot be said to have made an "identifying statement" asserting an admiralty or maritime claim. To the contrary, Crosby has expressly elected ***not*** to designate its causes of action as admiralty or maritime claims. Doc. 58 at 2 ¶ 6. Nevertheless, the mere allegation that the claim is within the admiralty and maritime jurisdiction is not sufficient to make it an admiralty and maritime claim within the meaning of Rule 9(h) if the claim is also within the district court's jurisdiction on some other ground. *Smith v. Pinell*, 597 F.2d 994 (5th Cir. 1979). In this regard, Crosby has repeatedly brought its claims under diversity of citizenship subject matter jurisdiction—not admiralty.

Further, in all of its complaints, Crosby has also consistently demanded a jury. *See* Doc. 1 (Original Complaint) ¶ 34; Doc. 36 (First Supplemental and Amended Complaint) ¶ 34; Doc. 58 (Second Amended Complaint) ¶ 34. A jury trial demand is one indication that a plaintiff has not made a Rule 9(h) designation or election. *Lirette v. Popich Bros. Water Transp., Inc.*, 699 F.2d 725, 729 n.6 (5th Cir. 1983); *see* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2315 (3d ed. 2019) ("If jurisdiction alternatively can be based on a federal question, or on diversity of citizenship and the necessary jurisdictional amount, either party may demand a jury trial, unless the plaintiff has chosen to identify the claim as an admiralty or a maritime claim, as permitted by Federal Rule 9(h)(1).").

In sum, the record is clear that Crosby has never made a Rule 9(h) designation or election, a necessary predicate for a Fed. R. Civ. P. 14(c) cause of action.

3. **Federal Rule of Civil Procedure 14(c) is not available to SWS in the absence of an admiralty or maritime claim brought by Crosby under Federal Rule of Civil Procedure 9(h).**

SWS may only invoke Fed. R. Civ. P. 14(c) if (1) Crosby has asserted a claim which has been specifically identified in the complaint as one in admiralty pursuant to Fed. R. Civ. P. 9(h) or (2) "when it is apparent from a reading of the complaint that admiralty jurisdiction is the only basis for federal subject matter jurisdiction over the action." *Harrison v. Glendel Drilling Co.*, 679 F. Supp. 1413, 1418 (W.D. La. 1988).

In this case, neither condition is satisfied. First, Crosby has never specifically identified its claims as being admiralty and maritime claims. Second, Crosby has pled diversity of citizenship as the sole basis for subject matter jurisdiction.

Thus, because the claims against SWS are not cognizable solely in admiralty, and because Crosby has not clearly made a Fed. R. Civ. P. 9(h) designation, SWS is not entitled to invoke Fed. R. Civ. P. 14(c). *See Lirette v. Popich Bros. Water Transport, Inc.*, 699 F.2d 725, 726 n. 6 (5th Cir. 1983) (noting that where the plaintiff's complaint was based on the Jones Act and the general maritime law and did not expressly contain a Rule 9(h) declaration, but did contain a jury demand, the defendant was not entitled to the benefits of Rule 14(c)); *Indelpro S.A. de C.V. v. Valero Mktg. & Supply Co.*, 2019 WL 6894677, at *4 (S.D. Tex. Dec. 18, 2019) (Rosenthal, J.) ("The circumstances, including Indelpro and Valero's actions and the case filings, show no election to proceed under Rule 9(h), ***as needed for Rule 14(c)***.") (emphases added); *Luera v. The M/V ALBERTA*, 2009 WL 5966940, at *5 (S.D. Tex. June 24, 2009), *aff'd sub nom Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011) ("Rule 14(c) may be used only in the situation in which the original

plaintiff's claim is one in admiralty within the meaning of Rule 9(h)."); *Harrison v. Glendel Drilling Co.*, 679 F. Supp. 1413, 1418 (W.D. La. 1988) ("A defendant may invoke Rule 14(c)(1) whenever the plaintiff has asserted a claim which has been specifically identified in the complaint as one in admiralty pursuant to Rule 9(h), or (2) when it is apparent from a reading of the complaint that admiralty jurisdiction is the only basis for federal subject matter jurisdiction over the action."); *Rollin v. Kimberly Clark Tissue Co.*, 211 F.R.D. 670, 672 (S.D. Ala. 2001) (" The failure of a plaintiff to include such an explicit [] statement [identifying his or her claim as an admiralty or maritime claim within the meaning of Rule 9(h)], though, has been held to foreclose Rule 14(c) practice.") (alterations added); *Tipton v. Gen. Marine Catering Co.*, 1989 WL 13554 at *2 (E.D. La. Feb. 13, 1989) (where plaintiff's complaint was not cognizable solely in admiralty and plaintiff did not make Rule 9(h) designation, action was triable at law, and defendants were not entitled to invoke Rule 14(c)).

4. **Because Federal Rule of Civil Procedure 14(c) is not available to SWS, its Fed. R. Civ. P. 14(c)(2) tender and Fed. R. Civ. P. 14(c) (1) claims for contribution and indemnity—its only claims against Lynn Jones—must be dismissed.**

If available, "Rule 14(c) permits a defendant to implead a third-party defendant for two purposes: (1) to seek contribution or indemnification from the third-party defendant, and (2) to tender the third-party defendant to the plaintiff." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 242-43 (5th Cir. 2009) (citation omitted).

Because the Fed. R. Civ. P. 14(c) mechanism is not available to SWS absent a Rule 9(h) election by Plaintiff Crosby or when admiralty is the only possible basis for subject matter jurisdiction, neither of which true in this case, SWS can neither (1) seek contribution

or indemnity from Lynn Jones nor (2) tender Lynn Jones to Crosby. As a result, SWS's claims against Lynn Jones must be dismissed.

## VI.
### CONCLUSION

For all these reasons, Lynn Jones and Lynn Jones, LLC respectfully requests that this Court dismiss the claims brought by Southwest Shipyard, LP against Lynn Jones and Lynn Jones, LLC with prejudice, and for any other relief that this Court finds is just and proper under the circumstances.

Respectfully submitted,

By: /s/ *Kevin P. Walters*
Kevin P. Walters
Attorney-in-Charge
Federal I.D. No. 5649
Texas State Bar No. 20818000
Blake E. Bachtel
Federal I.D. No. 3479533
Texas State Bar No. 24116055
1415 Louisiana Street, Suite 4200
Houston, Texas 77002-7380
Telephone: (713) 224-8380
Facsimile:  (713) 225-9545
kevin.walters@roystonlaw.com
blake.bachtel@roystonlaw.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANTS AND DEFENDANTS, PURSUANT TO FRCP 14(c) TENDER, LYNN JONES AND LYNN JONES, LLC**

OF COUNSEL:
ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP

## CERTIFICATE OF WORD COUNT

I hereby certify that this Motion for Judgment on the Pleadings complies with Section 18(c) of this Court's procedures and is 2,592 words, exclusive of the case caption, signature block, and certificate of service.

/s/ *Kevin P. Walters*
Kevin P. Walters

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 27th day of September 2024, I conferred with Carra Miller, counsel for Southwest Shipyard, who confirmed that Southwest Shipyard was opposed to the relief sought in this motion.

/s/ *Blake E. Bachtel*
Blake E. Bachtel

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 27th day of September, 2024, I served a true and correct copy of the foregoing Lynn Jones, LLC's Motion for Judgment on the Pleadings, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system, which will automatically serve a notice of electronic filing, and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record:

| | |
|---|---|
| Miles P. Clements<br>Joseph E. Lee III<br>Zachary J. Ardoin<br>PHELPS DUNBAR LLP<br>365 Canal Street, Suite 2000<br>New Orleans, Louisiana 70130<br>miles.clements@phelps.com<br>josh.lee@phelps.com<br>zachary.ardoin@phelps.com<br>***Attorneys for Plaintiff*** | Thomas O. Deen<br>Carra Miller<br>SCHOUEST, BAMDAS, SOSHEA,<br>  BENMAIER & EASTHAM, PLLC<br>1001 McKinney St., Suite 1400<br>Houston, Texas 77002<br>tdeen@sbsb-eastham.com<br>cmiller@sbsb-eastham.com<br><br>Jeff Peuler (*Pro Hac Vice*)<br>Matt Popp (*Pro Hac Vice*)<br>SCHOUEST, BAMDAS, SOSHEA,<br>  BENMAIER & EASTHAM, PLLC<br>One Canal Place<br>365 Canal St., Ste. 2450<br>New Orleans, LA 70130<br>jpeuler@sbsb-eastham.com<br>mpopp@sbsb-eastham.com<br>***Attorneys for Defendant***<br>***Southwest Shipyard, LP*** |

           /s/ *Kevin P. Walters*
           Kevin P. Walters