**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Crosby Marine Transportation, LLC, Plaintiff, | § § § § | CIVIL ACTION NO. 4:23-cv-770 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| Southwest Shipyard, LP, Defendant/Third-Party Plaintiff. vs. | § § § § § | |
| Lynn R. Jones & Lynn Jones, LLC Third-Party Defendants | § § § § | |

**OPPOSED MOTION FOR LEAVE TO FILE DEFENDANT, SOUTHWEST SHIPYARD, LP'S COMBINED SURREPLY TO SOUTHWEST SHIPYARD, LP'S MOTION FOR PARTIAL SUMMARY JUDGEMENT ON DAMAGES AND CROSBY MARINE TRANSPORTATION, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES**

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, Defendant/Third-Party Plaintiff, Southwest Shipyard, LP ("Southwest") and serves and files this, its Opposed Motion for Leave to file its Combined Surreply to Crosby Marine Transportation, LLC's ("Crosby") Motion for Partial Summary Judgment on Damages (Dkt. 72), ("Crosby's Motion") and Southwest's Motion for Partial Summary Judgment on Damages (Dkt. 77) ("Southwest's Motion") concerning the

appropriateness of awarding attorney's fees under the Implied Warranty of Workmanlike Performance and respectfully shows this Honorable Court as follows:

## I.
## BACKGROUND
## THE QUESTION OF ATTORNEY'S FEES
## WHY A COMBINED SUR REPLY IS NECESSARY?

1. On or About May 1, 2024, Crosby filed its Motion for Partial Summary Judgement on Damages (Dkt. 72). Southwest filed its response to Crosby's Motion (Dkt. 81) and Crosby filed its reply to Southwest's response (Dkt. 86).

2. Crosby's Motion for Partial Summary Judgment on Damages (Dkt. 72) focuses, in part, on whether, under the Implied Warranty of Workmanlike Performance ("IWWP"), the ceiling on repair cost for a damaged vessel is the vessel's Fair Market Value ("FMV") when that vessel is considered a total or constructive total loss. In discussing damages under the IWWP, Crosby's Motion relies heavily on the Fifth Circuit's holding in *Todd Shipyards Corp. v. Turbine Service, Inc.*, 674 F.2d 401(5th Cir. 1981) to argue that "Foreseeable Damages" under the IWWP include the cost of repairs, loss of use, litigation expenses, pre-judgment interest and attorney's fees.[1] Southwest's response (Dkt. 81) continues Crosby's reliance on *Todd Shipyards* and accepts the holding in *Todd Shipyards* that attorney's fees are included in what constitutes "Foreseeable Damages" under the IWWP.[2]

---

[1] Crosby's Motion for Partial Summary Judgment on Damages (Dkt. 72), Page 5, last 5 lines – page 6 first 2 lines. Page 9, last 2 lines – page 10 first 6 lines.
[2] Southwest's Response to Crosby's Motion for Partial Summary Judgment on Damages (Dkt. 81), Page 11 last 10 lines – page 12 first 6 lines.

3. On or about May 2, 2024, Southwest filed its Motion for Partial Summary Judgment on Damages (Dkt. 77). Crosby filed its response to Southwest's Motion (Dkt. 79) and Southwest filed its reply to Crosby's response (Dkt. 88).

4. Crosby's response to Southwest's Motion for Partial Summary Judgment on Damages (Dkt.79) also focuses its argument against Southwest's assertion that the ceiling on repair cost for a vessel is the vessel's FMV when that vessel is considered a total or constructive total loss. In doing so, Crosby continued to rely on *Todd Shipyards* and the Fifth Circuit's holding that "Foreseeable Damages" under the IWWP includes attorney's fees.[3] Southwest's reply to Crosby's response to Southwest's Motion for Partial Summary Judgment on Damages (Dkt. 88) continued the reliance on *Todd Shipyards Corp.* and the Fifth Circuit's holding that "Foreseeable Damages" under the IWWP include, among other enumerated items therein, attorney's fees.[4]

5. With both parties' focusing primarily on how to calculate repair cost, that is, whether to use the FMV calculation or not, the parties appear to have not considered whether the Fifth Circuit's holding concerning the recoverability of attorney's fees by the plaintiff against the breaching party found in *Todd Shipyards Corp.,* was correct or not.

6. Based on Southwest's research, *Todd Shipyards Corp.'s* holding that attorney's fees are recoverable under the IWWP is incorrect. That being the case, counsel has a duty under the Federal Rules of Civil Procedure, Rule 11 and the Guidelines for

---

[3] Crosby's Response to Southwest's Motion for Partial Summary Judgment on Damages (Dkt.79), Page 8, last 2 lines – page 9, first 3 lines.
[4] Southwest's Reply to Crosby's Response to Southwest's Motion for Partial Summary Judgment on Damages (Dkt. 88), Page 8, paragraphs 22 %& 23.

Professional Conduct attached as Appendix D to the Local Rules for the Southern District of Texas, to so advise the Court. Southwest is therefore requesting that it be allowed to file the Surreply attached hereto as Exhibit 1.

## II.
## Argument and Authority

7. The Federal Rules of Civil Procedure do not expressly provide for the filing of a surreply, therefore, as recognized in this Court's Procedures 17f. and 18c. a motion for leave must be filed prior to filing a surreply.

8. Although they are not prohibited by the Southern District's local rules, surreplies are "highly disfavored, as they usually are seen as a strategic effort by the nonmovant to have the last word on a matter." *Anderson v. Collier,* 2023 WL 4626957 at *3 (S.D. Tx. July 18, 2023), citing L*acher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) and *Warrior Energy Services Corp. v. ATP Titan M/V*, 551 F. App'x 749, 751 n.2 (5th Cir. 2014) (per curiam) (citation omitted). It is within the sound discretion of the courts to grant or deny leave to file a surreply. *Homeland Ins. Co. of N.Y. v. Clinical Pathology :Lab'ys, Inc.* 643 F. Supp. 3d 675,681 (W.D. Tex. 2022). A proposed surreply should not rehash arguments or raise new factual and/or legal arguments seeking the "last bite at the apple." *E.g.*, *Montgomery v. Housby Mack, Inc.,* 2016 WL 6427275 at *2 (S.D. Miss. October 28, 2016)

9. However, courts have granted motions for leave to file surreplies in exceptional or extraordinary circumstances on a showing of good cause. See *Silo Restaurant Inc. v. Allied Property and Casualty Insurance Co.,* 420 F. Supp. 3d 562, 571 (W.D. Tex. 2019). *Weems v. Hodnett,* 2011 WL 2731263 at *2 (W.D. La. July 13, 2011)

(Requesting party must point out the wholly new issues in the reply that demand a response or otherwise articulate exceptional or extraordinary circumstances.)

10. Southwest's surreply seeks to address a legal issue which has been overlooked by both Crosby and Southwest. While both parties appear to have been focused on arguing to the Court whether, in an IWWP case, the cost of repairs receives a fair market value analysis when the vessel is a total or constructive total loss, they overlooked the legal issue of whether attorney fees are awarded as damages in a IWWP case. Southwest's surreply addresses this issue for the first time.

11. Both parties appear to have been relying on the holding in *Todd Shipyards Corp.,* 674 F.2d 401(5th Cir. 1982) for the proposition that attorney fees are awardable as damages. In doing so, they missed the Fifth Circuit's holding in *Nathaniel Shipping v. General Elec. Co.,* 920 F.2d 1256 (5th Cir. 1991) which states that *Todd Shipyards* was incorrect in its holding on attorney fees between a vessel owner and its contractor to determine liability.

12. Based upon the above, Rule 11 of the Federal Rule of Civil Procedure requires that Southwest advise the Court of this. Rule 11(b)(2) clearly states that:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.
>
> *Fed. R. Civ. P. Rule 11.*

Additionally, The Texas Disciplinary Rules of Professional Conduct (effective October 1, 2024) require that a lawyer shall not "fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." *The Texas Disciplinary Rules of Professional Conduct (effective October 1, 2024), Rule 3.03(a)(4).* Therefore, the parties are required to advise this Court of the Fifth Circuit's holding in *Nathaniel Shipping v. General Elec. Co.,* 920 F.2d 1256 (5th Cir. 1991).

13. Southwest's surreply does not rehash arguments contained in either Crosby's Motion or Southwest's Motion, or the responses and replies to them. Nor does it seek to have the last word or "one last bite of the apple." Instead, Southwest's surreply seeks to advise the Court of recently discovered legal authority missed by all parties. Therefore, exceptional or extraordinary circumstances exist requiring the filing of this surreply. Should either Crosby or one of the Third-Party Defendants wish to file a response to Southwest's surreply, Southwest will welcome it and not oppose its filing.

### III.
### CONCLUSION

Southwest respectfully requests that this Honorable Court grant this motion for leave to file Southwest's surreply. The surreply does not rehash arguments already presented in the responses or replies since the applicability of attorney's fees as an element of damages in IWWP cases has never been addressed by any party in this matter. Nor is this an attempt to have the last word on any matter as shown by Southwest's proposal to permit Crosby or the Third-Party Defendants an opportunity to respond to the surreply.

Respectfully Submitted,

 */s/ Thomas O. Deen*
Thomas O. Deen
State Bar Number: 05713780
Federal ID: 1738
1001 McKinney St., Suite1400
Houston, Texas 77002
Telephone: (713) 588-0446
Fax: (713) 574-2941
tdeen@sbsblaw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT SOUTHWEST SHIPYARD, LP**

OF COUNSEL:
SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM, PLLC
**Carra Miller**
State Bar Number: 24103937
Federal ID: 3162385
cmiller@sbsblaw.com
807 N. Upper Broadway St.
Ste. 201
Corpus Christi, Texas 78401
Telephone: (713) 588-0446
Fax: (713) 574-2941

And
**Jeff Peuler** - *Pro Hac Vice*
LA Bar No.: 30017
jpeuler@sbsb-eastham.com
**Matthew F. Popp**
Texas Bar Number: 24039679
Federal ID: 357103
mpopp@sbsb-easthasm.com
One Canal Place
365 Canal St., Ste. 2450
New Orleans, LA 70130
504-561-0323 – Telephone

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing Opposed Motion for Leave to File a Response to Crosby's Objections to Southwest's Witness List based upon word-processor register, and not including the case caption, table of contents, table of authorities, signature block and certificates is 1441 words.

                                                   */s/ Thomas O. Deen*
                                                   Thomas O. Deen

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 3rd day of December 2024, Counsel for Defendant/Third-Party Plaintiff, Southwest Shipyard, LP, was advised by counsel for Plaintiff by telephone that Crosby is opposed to the filing of this Motion for Leave. Therefore, this Motion is opposed.

                                                   */s/ Thomas O. Deen*
                                                   Thomas O. Deen

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Opposed Motion for Leave to File Southwest's Response to Crosby's Objections to Southwest's Witness List was served upon all known counsel of record, by facsimile and/or email and/or electronically through the Court on this the 3rd day of December 2024.

                                                   */s/ Thomas O. Deen*
                                                   Thomas O. Deen